**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3757
_____

BILLY KERBIN CALDERON-ARGUMEDO,
AKA Jorge Vasquez,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                Respondent
_____

On Petition for Review of a Final Order
Of the Board of Immigration Appeals,
Agency No. A098-617-432
(Immigration Judge: Daniel A. Morris)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 24, 2017
_____

Before: SMITH, *Chief Judge*, McKEE and RENDELL, *Circuit Judges*.

(Opinion filed: September 15, 2017)
_____

OPINION[*]
_____

McKEE, *Circuit Judge*.

    Petitioner Billy Kerbin Calderon Argumedo[1] petitions for review of a ruling by the

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.
[1] Because Petitioner refers to himself as "Billy Calderon" in his brief, we use his
preferred surname here.

Board of Immigration Appeals dismissing his appeal of an Immigration Judge's decision denying his request for protection under the United Nations' Convention Against Torture ("CAT").[2] Because we find that substantial record evidence supports the agency's determination that Calderon did not meet his burden of proof for CAT protection, we will affirm.

## I.

Calderon is a 32-year-old man originally from El Salvador. He first entered the United States in 2000, when he was 15 years old. While in high school in Virginia, Calderon became affiliated with the MS-13 gang, which also exists in El Salvador. In 2005, Calderon was arrested and charged with automobile theft.[3]

In 2006, Calderon was removed to El Salvador. He reentered the United States in August 2008, and later became an Evangelical Christian. In 2013, he was apprehended and placed in immigration detention. During his detention, an asylum officer conducted a reasonable fear interview, and found no reasonable fear of persecution or torture. Calderon appealed this finding, and the Department of Homeland Security referred his case to an Immigration Judge for withholding only proceedings. In 2016, an IJ conducted the withholding only proceedings and (1) pretermitted Calderon's application for withholding of removal based on the length of his sentence for automobile theft in 2005,[4]

---

[2] S. Treaty Doc. No. 100–20, 1465 U.N.T.S. 85.

[3] While in DHS custody, Calderon was convinced to get an MS-13 tattoo placed across his chest. This tattoo is still visible today.

[4] This determination was not challenged in the BIA appeal, and is not challenged here.

and (2) denied Calderon's application for deferral of removal under the Convention Against Torture, finding that Calderon could not make a particularized showing that he would be subjected to torture upon his return to El Salvador. The BIA affirmed, and Calderon now appeals his CAT denial.

## II.[5]

Calderon presents two arguments on appeal: (1) the IJ and BIA erred in concluding that Calderon did not prove that the Salvadoran government acquiesces to torturous activity through the willful blindness of its public officials; and (2) Calderon provided sufficient evidence to prove that he would more likely than not be tortured upon return to El Salvador. We address each argument in turn.

Calderon first argues that the IJ and BIA incorrectly denied his CAT claim because both applied an incorrect legal standard for determining whether he would be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."[6] However, because the IJ and BIA based their decisions on Calderon's inability to show that he was personally in danger of future torture by gangs in El Salvador, rather than determining whether the government's

---

[5] We have jurisdiction to review the IJ and BIA's decisions regarding Calderon's application for deferral of removal and protection under the CAT. 8 U.S.C. § 1252(a); *Voci v. Gonzales*, 409 F.3d 607, 612–13 (3d Cir. 2005) (where the BIA's decision adopts or defers to portions of the IJ's decision, we will review those aspects of the IJ's decision as well). We review factual findings using the substantial evidence standard. *Tarrawally v. Ashcroft*, 338 F.3d 180, 184 (3d Cir. 2003).

[6] 8 C.F.R. § 1208.16(c)(3).

action (or inaction) regarding gang violence rose to the level of acquiescence, the argument is meritless.

When applying for protection under the CAT, "[t]he burden of proof is on the applicant . . . to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."[7] Both the IJ and BIA found that Calderon had failed to meet this burden, and that failure made Calderon ineligible for relief under the CAT.[8] Thus, Calderon's argument that the IJ and BIA improperly assessed the "acquiescence" prong of a CAT claim is irrelevant, because that is not why his claim failed before the IJ or BIA.[9]

Calderon next argues that the IJ and BIA were incorrect in concluding that he could not show a likelihood of future torture because they improperly ignored the following evidence: (1) the Salvadoran government supports the killing of gang members as a "cleansing" of society; (2) the police are unwilling to help him despite his reports of the threats; (3) the MS-13 gang was able to locate Calderon despite his relocations to live with his girlfriend and relatives; (4) the MS-13 gang threatened to kill him and his

---

[7] 8 C.F.R. § 208.16(c)(2); *see also id.* at § 208.17 (governing deferral of removal under the CAT).

[8] *See, e.g.*, App. at 51 ("Here, the Court is not persuaded that the respondent will be personally at risk of torture if he is returned to his country."); *id.* at 5 ("Based on the Immigration Judge's properly found facts, we will affirm his conclusion that the applicant did not meet his heavy burden to show a likelihood of harm rising to the level of torture in El Salvador.").

[9] Indeed, Calderon bases this argument on language from the portion of the IJ's decision discussing Calderon's application for withholding of removal, which was not appealed to either the BIA or this Court. *See* Petitioner Br. 18 (citing App. at 49).

4

family; (5) members of his family have already been killed or severely injured by gangs; and (6) he will now be targeted as a Christian if he returns to El Salvador, because the church leads the anti-gang movement in the country.

We review such factual determinations under the substantial evidence standard.[10] Thus, the IJ and BIA's determinations will only be overturned where "the evidence not only supports [reversal] but *compels* it."[11] When "assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal," a court should consider:

> (i) Evidence of past torture inflicted upon the applicant;
>
> (ii) Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured;
>
> (iii) Evidence of gross, flagrant or mass violations of human rights within the country of removal, where applicable; and
>
> (iv) Other relevant information regarding conditions in the country of removal.[12]

Finally, it is important to note that "the IJ and BIA need not 'discuss every piece of evidence mentioned'" by an applicant seeking relief.[13]

Here, it is undisputed that Calderon was not tortured in the past. The record also shows, as the BIA noted, that "while in El Salvador [from 2006-2008], [Calderon]

---

[10] *Wang v. Ashcroft*, 368 F.3d 347, 350 (3d Cir. 2004) ("We will sustain the BIA's decision if substantial evidence in the record supports its decision.").

[11] *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

[12] 8 C.F.R. § 1208.16(c)(3).

[13] *Green v. U.S. Att'y Gen.*, 694 F.3d 503, 509 (3d Cir. 2012) (quoting *Huang v. U.S. Att'y Gen.*, 620 F.3d 372, 388 (3d Cir. 2010)).

5

received numerous telephone calls from gang members telling him that he had to resume gang activities, but he was not harmed when he did not do so."[14] Similarly, Calderon "testified that gang members told him his family would be harmed or killed if he did not rejoin the gang, but his family remains in El Salvador unharmed."[15] Calderon also testified that his cousin's murder and his brother's shooting were unrelated to Calderon's gang membership.[16] After considering Calderon's evidence, the IJ and BIA concluded that Calderon "has not shown that his fear of returning to El Salvador is supported by sufficient facts, rather than based upon speculation or assumptions regarding what might happen to him if he returns."[17]

We agree. Calderon submitted evidence that gangs in El Salvador are dangerous and harmful. That is a proposition that cannot really be disputed. However, he did not submit evidence sufficient to compel (or even support) a finding that it would be more likely than not that he would personally be tortured if he were to return. Thus, neither the IJ nor the BIA can be said to have ignored relevant record evidence that would have changed this conclusion.

## III.

For the reasons set forth above, we deny Calderon's petition for review of his final removal order.

---

[14] App. at 4.
[15] *Id*.
[16] *Id*. at 132–34.
[17] *Id.* at 51–52.